UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| TREMONTI PERRY, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | No. 1:17CV115 HEA |
| KAREY L. WITTY, et al., | ) |  |
| Defendants. | ) |  |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on the motion to dismiss the first amended complaint, filed by defendants Anne Precythe and Ian Wallace (collectively "defendants").[1] For the reasons stated below, the motion will be granted to the extent defendants seek dismissal of plaintiff's claims for monetary damages against them in their official capacities, and denied in all other respects.

### I. Background

At the time of the events giving rise to this lawsuit, plaintiff was incarcerated at the Southeast Correctional Center ("SECC"). He filed the two-count amended complaint pursuant to 42 U.S.C. § 1983 against Ian Wallace (the SECC Warden during the relevant time period) and Anne Precythe (the Director of the Missouri Department of Corrections). Plaintiff sues Wallace in his individual and official capacities, and he sues Precythe in her official capacity only. Plaintiff also sues various medical providers.

---

[1] In the motion, defendants state they seek dismissal of the first amended complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. However, in their Suggestions in Support of the motion, they do not reference Rule 12(b)(1) or present argument concerning subject matter jurisdiction. Instead, defendants argue for dismissal solely on the basis of Rule 12(b)(6). The Court therefore construes the instant motion as one brought pursuant to Rule 12(b)(6).

Briefly, in Count I of the amended complaint, plaintiff alleges that Wallace and other defendants were responsible for denying him constitutionally adequate medical care, leading him to develop end-stage renal disease and, afterward, refused to allow him to be evaluated as a potential kidney transplant candidate. Plaintiff also alleges that defendants implemented and enforced policies and practices that resulted in the constitutional violations. Plaintiff seeks compensatory damages and other relief. Count II is a claim for declaratory and injunctive relief, and is based upon, *inter alia*, the defendants' implementation and enforcement of policies and practices of refusing adequate medical care to Missouri Department of Corrections inmates, and refusing to allow them to be evaluated for, or to receive, organ transplant. He seeks an injunction against Precythe and Wallace, requiring them to provide him with an evaluation to determine whether he is a candidate for a kidney transplant, and if deemed eligible, to be provided such transplant.

## II. Legal Standard

The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint. To survive a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief "must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (citing *Twombly*, 550 U.S. at 555 & n.3). When considering a motion to dismiss, the Court accepts as true all of the factual allegations contained in the complaint, even if it appears that "actual proof of those facts is

improbable," and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief. *Twombly*, 550 U.S. at 555-56; Fed. R. Civ. P. 8(a)(2). The Court also draws all reasonable inferences from the complaint in favor of the nonmoving party. *Young v. City of St. Charles, Mo.*, 244 F.3d 623, 627 (8th Cir. 2001).

### III. Discussion

Defendants first contend that they cannot be sued for civil damages in their official capacities, and that they are entitled to dismissal of such claims. In response, plaintiff concedes that, to the extent the amended complaint can be construed as suing defendants for civil damages in their official capacities under Count I or II, defendants are entitled to dismissal in their official capacities only, without prejudice to later filing such claims against Precythe in her individual capacity. Defendants' arguments are well taken. The Eleventh Amendment prohibits suits for damages against the state, agencies of the state, or state officials acting in their official capacities. *Nix v. Norman*, 879 F.2d 429, 432-33 (8th Cir. 1984). In addition, "State officers sued for damages in their official capacity are not 'persons' for purposes of the suit because they assume the identity of the government that employs them." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). Having considered defendants' arguments and plaintiff's response, the Court concludes that, to the extent the amended complaint can be construed as bringing claims for monetary damages against Wallace or Precythe in their official capacities, such claims are subject to dismissal, without prejudice to plaintiff later filing such claims against Precythe in her individual capacity.

Defendants next contend that plaintiff's claims for deliberate indifference should be dismissed because plaintiff was provided access to medical care. This argument is not well taken. As plaintiff contends, he has adequately alleged that his constitutional right to receive

3

medical care was violated when he repeatedly presented to medical staff at SECC and received either no care or grossly inadequate care. Establishing a claim of deliberate indifference does not require a prisoner to show a total deprivation of medical care. *Langford v. Norris*, 614 F.3d 445, 459-60 (8th Cir. 2010). "Grossly incompetent or inadequate care can [also] constitute deliberate indifference, as can a doctor's decision to take an easier and less efficacious course of treatment." *Id.* at 460 (citing *Smith v. Jenkins*, 919 F.2d 90, 93 (8th Cir. 1990)). A showing of "systemic deficiencies" in the method of providing medical care can also amount to deliberate indifference. *Buckley v. Rogerson*, 133 F.3d 1125, 1131 (8th Cir. 1998).

Defendants also argue that plaintiff's deliberate indifference claims should be dismissed because they played no role in plaintiff's course of treatment and were not responsible for making medical decisions. These arguments are not well taken. As plaintiff contends, he very clearly alleges that defendants implemented and maintained policies, practices or customs that resulted in a violation of his constitutional rights. "Even if a supervisor is not involved in day-to-day operations, [his or her] personal involvement can be found if [he or she] is involved in 'creating, applying, or interpreting a policy' that gives rise to unconstitutional conditions." *Id.* (quoting *Bonner v. Outlaw*, 552 F.3d 673, 679 (8th Cir. 2009)). A supervisor can also be held liable under § 1983 if his or her "failure to properly supervise and train the offending employee" caused the constitutional violation. *Jackson v. Nixon*, 747 F.3d 537, 543 (8th Cir. 2014) (quoting *Tlamka v. Serrell*, 244 F.3d 628, 635 (8th Cir. 2001)). Plaintiff also clearly alleges Wallace's personal involvement in the refusal to allow plaintiff to be evaluated as a potential transplant candidate.

Defendants also argue that plaintiff fails to allege they refused to allow him evaluation for or receipt of a kidney transplant, or that such refusal was based upon their policies or

4

procedures. This argument is meritless. As noted above, plaintiff clearly alleges Wallace's personal involvement in the rejection of attempts to have plaintiff evaluated as a potential transplant candidate. Plaintiff also alleges that the defendants "implemented, condoned, ratified, followed and/or enforced and continues to implement, condone, ratify, follow and/or enforce a policy or custom, having the force of law, of refusing to allow inmates in the custody of the MDOC to be eligible for evaluation or receipt of a kidney transplant procedure." (Docket No. 17 at 13).

Finally, Wallace contends that the instant motion should be granted as to him because he is entitled to qualified immunity. "The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Qualified immunity "will be upheld on a 12(b)(6) motion only when the immunity is established on the face of the complaint." *Weaver v. Clarke*, 45 F.3d 1253, 1255 (8th Cir. 1995). Here, as discussed above, plaintiff has sufficiently alleged that Wallace violated a constitutional right that was clearly established at the time of the alleged violation. Because plaintiff has so alleged, Wallace is not entitled to dismissal on the basis of qualified immunity. *See id.*

Accordingly, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that Ian Wallace and Anne Precythe's motion to dismiss the amended complaint is **GRANTED** to the extent it seeks dismissal of plaintiff's claims for monetary damages against them in their official capacities, and **DENIED** in all other respects. **[ECF #31]**.

**IT IS FURTHER ORDERED** that plaintiff's official capacity claims for monetary damages against Ian Wallace and Anne Precythe are **DISMISSED** without prejudice to plaintiff bringing such claims against Precythe in her individual capacity. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that within fourteen (14) days of the date of this Memorandum and Order, defendants Ian Wallace and Anne Precythe shall answer the amended complaint.

Dated this 29th day of August, 2018.

                                               HENRY EDWARD AUTREY
                                        UNITED STATES DISTRICT JUDGE