UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| TREMONTI PERRY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:17CV115 HEA |
| | ) |
| WARDEN IAN WALLACE, et al., | ) |
| | ) |
| | ) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendants Prescythe and Wallace's

Motion to Dismiss Plaintiff's Second Amended Complaint, [Doc. No. 91].

Plaintiff opposes the motion.  For the reasons set forth below, the Motion is

granted.

Plaintiff filed his Second Amended Complaint alleging defendants were

deliberately indifferent to his medical needs.  At the time of the events giving rise

to this action, Plaintiff was incarcerated at the Southeast Correctional Center

("SECC"). He filed this Second Amended Complaint pursuant to

42 U.S.C. § 1983 against Defendants. Plaintiff alleges that defendants were

responsible for denying him constitutionally adequate medical care, leading him

to develop end-stage renal disease and, afterward, refused to allow him to be

evaluated as a potential kidney transplant candidate. Plaintiff also alleges that

defendants implemented and enforced policies and practices that resulted in the constitutional violations. Plaintiff, in Count I, seeks compensatory damages and other relief. Count II is a claim for declaratory and injunctive relief, and is based upon, inter alia, the defendants' implementation and enforcement of policies and practices of refusing adequate medical care to Missouri Department of Corrections inmates, and refusing to allow them to be evaluated for, or to receive, organ transplant. He seeks an injunction against Precythe and Wallace, requiring them to provide him with an evaluation to determine whether he is a candidate for a kidney transplant, and if deemed eligible, to be provided such transplant.

Defendants move to dismiss without prejudice for Plaintiff's failure to exhaust his administrative remedies.

**Standard of Review**

A claim may be dismissed if it fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In ruling on a motion to dismiss, the Court "must accept as true all of the complaint's factual allegations and view them in the light most favorable to the Plaintiff[ ]." *Stodghill v. Wellston School Dist.*, 512 F.3d 472, 476 (8th Cir. 2008). However, "the Court is not bound to accept as true a legal conclusion couched as a factual allegation." *Warmington v. Bd. of Regents of Univ. of Minn.*, 998 F.3d 789, 796 (8th Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). To avoid dismissal, a complaint must include "enough facts

to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The Plaintiff need not demonstrate the claim is probable, only that it is more than just possible. *Id.*

In reviewing the complaint, the Court construes it liberally and draws all reasonable inferences from the facts in Plaintiff's favor. *Monson v. Drug Enforcement Admin.*, 589 F.3d 952, 961 (8th Cir. 2009). The Court generally ignores materials outside the pleadings but may consider materials that are part of the public record or materials that are necessarily embraced by the pleadings. *Miller v. Toxicology Lab. Inc.*, 688 F.3d 928, 931 (8th Cir. 2012). Matters necessarily embraced by the pleadings include "matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned." *Zean v. Fairview Health Servs.*, 858 F.3d 520, 526 (8th Cir. 2017) (quoting *Miller*, 688 F.3d at 931 n.3).

## Discussion

Defendants argue that Plaintiff failed to exhaust his administrative remedies prior to filing suit. They claim that the undisputed evidence establishes that

3

Plaintiff did not file a grievance within the prescribed time period and has yet to do so.  Plaintiff responds that he was in a medically induced coma and suffered other medical issues subsequent to the coma which foreclosed his ability to file a grievance.

The Prison Litigation Reform Act ("PLRA") in 42 U.S.C. § 1997e(a) provides: "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Exhaustion is mandatory. *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002). In *Jones v. Bock*, 549 U.S. 199 (2007), the Supreme Court concluded that "to properly exhaust administrative remedies prisoners must complete the administrative review process in accordance with the applicable procedural rules." *Id.* at 218 (internal quotation marks and citation omitted). The Court stated that the "level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id.*

There is no record of Plaintiff filing a grievance.  Indeed, Plaintiff does not dispute that he failed to file a grievance.  However, Plaintiff argues he could not do

so because of his medical condition.  The Court would agree that during the time

Plaintiff was in the coma and during his medical issues thereafter, the grievance

procedure was not available to him. *See, e.g., Mason v. Corizon, Inc.*, 2015 WL

10434528, *7 (W.D. Ark. Dec. 17, 2015) ("If, as a practical matter, one is unable

to use or access a remedy due to physical or mental incapacity, it is logical to

conclude that the remedy is not 'available.'").

     However, Plaintiff has demonstrated that the issues precluding filing the

grievance have been eliminated by his filing of his *pro se* complaint in this action.

Before filing this action, Plaintiff was clearly capable of filing a grievance in

accordance with PRLA exhaustion requirement.

## Conclusion

     Plaintiff must exhaust his administrative remedies before filing suit in

accordance with the PLRA.  While Plaintiff was unable to file a grievance

immediately following the events giving rise to this action, he could have done so

when his medical conditions resolved to the point of Plaintiff's ability to act, as

demonstrated by the filing of this action.

     Accordingly,

     **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss Plaintiff's

Second Amended Complaint, [Doc. No. 91], is granted.

     **IT IS FURTHER ORDERED** that this action is dismissed without

prejudice.

**IT IS FURTHER ORDERED** that Plaintiff is given leave to file an

amended complaint after he has exhausted the required administrative remedies

within the prison system.

Dated this 12th day of December 2022.


_____

        HENRY EDWARD AUTREY
     UNITED STATES DISTRICT JUDGE