UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| TREMONTI PERRY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:17CV115 HEA |
| ) | |
| WARDEN IAN WALLACE, et al., ) | |
| ) | |
| ) | |
| Defendants. ) | |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Centurion's Motion to Dismiss Plaintiff's Second Amended Complaint, [Doc. No. 134]. Plaintiff opposes the motion. For the reasons set forth below, the Motion is granted.

Plaintiff filed his Second Amended Complaint alleging defendant Centurion was deliberately indifferent to his medical needs. At the time of the events giving rise to this action, Plaintiff was incarcerated at the Southeast Correctional Center ("SECC"). He filed this Second Amended Complaint pursuant to 42 U.S.C. § 1983 against Defendant Centurion as the medical provider to the SECC after Corizon filed bankruptcy. Plaintiff alleges that defendant was responsible for denying him constitutionally adequate medical care, leading him to develop end-stage renal disease and, afterward, refused to allow him to be evaluated as a potential kidney transplant candidate. Plaintiff also alleges that Centurion implemented and

enforced policies and practices that resulted in the constitutional violations. Plaintiff, in Count I, seeks compensatory damages and other relief. Count II is a claim for declaratory and injunctive relief, and is based upon, inter alia, the defendant's implementation and enforcement of policies and practices of refusing adequate medical care to Missouri Department of Corrections inmates, and refusing to allow them to be evaluated for, or to receive, organ transplant. He seeks an injunction, requiring it to provide him with an evaluation to determine whether he is a candidate for a kidney transplant, and if deemed eligible, to be provided such transplant.

Defendant moves to dismiss for failure to state a claim for relief under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## Standard of Review

A claim may be dismissed if it fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In ruling on a motion to dismiss, the Court "must accept as true all of the complaint's factual allegations and view them in the light most favorable to the Plaintiff[ ]." *Stodghill v. Wellston School Dist.*, 512 F.3d 472, 476 (8th Cir. 2008). However, "the Court is not bound to accept as true a legal conclusion couched as a factual allegation." *Warmington v. Bd. of Regents of Univ. of Minn.*, 998 F.3d 789, 796 (8th Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). To avoid dismissal, a complaint must include "enough facts

2

to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The Plaintiff need not demonstrate the claim is probable, only that it is more than just possible. *Id.*

In reviewing the complaint, the Court construes it liberally and draws all reasonable inferences from the facts in Plaintiff's favor. *Monson v. Drug Enforcement Admin.*, 589 F.3d 952, 961 (8th Cir. 2009).

## Discussion

In order to state a claim based on medical deliberate indifference, Plaintiff must allege facts showing: (1) he had an objectively serious medical need; and (2) Defendant knew of but deliberately disregarded that need. *Cannon v. Dehner*, 112 F.4th 580, 586 (8th Cir. 2024), cert. denied, 145 S. Ct. 1149 (2025). "To constitute an objectively serious medical need or a deprivation of that need, the need or the deprivation alleged must be either obvious to the layperson or supported by medical evidence, like a physician's diagnosis." *Cannon*, 112 F.4th at 586 (cleaned up). For screening purposes only, Plaintiff sufficiently alleges that he was suffering from serious medical needs in the form of kidney failure Thus, the Court focuses on whether Defendant deliberately disregarded those needs.

3

A plaintiff can show deliberate disregard or "deliberate indifference in the level of care provided in different ways, including showing grossly incompetent or inadequate care, showing a defendant's decision to take an easier and less efficacious course of treatment, or showing a defendant intentionally delayed or denied access to medical care." *Dantzler v. Baldwin*, 133 F.4th 833, 846 (8th Cir. 2025) (cleaned up). However, "[t]he prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." *Dalen v. Harpstead*, 123 F.4th 900, 904 (8th Cir. 2024) (citation omitted).

Moreover, "while inmates have a right to adequate medical care, they have no right to receive a particular or requested course of treatment." *Barr v. Pearson*, 909 F.3d 919, 921 (8th Cir. 2018) (cleaned up). Prison medical care providers "remain free to exercise their independent medical judgment." *Id*. at 921–22.

Plaintiff purports to bring a "respondeat superior" or vicarious liability claim against Centurion. As for Centurion, Plaintiff must satisfy the requirements for *Monell* liability that the alleged constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom; or (3) a deliberately indifferent failure to train or supervise." *Monell v. Dep't of Soc. Servs*., 436 U.S. 658 (1978). (citation omitted). "To trigger municipal liability based on unofficial municipal custom, the custom must be so pervasive among non-policymaking employees of

4

the municipality that it effectively has the force of law." See *Bolderson*, 840 F.3d at 986 (citation omitted). County officials must have been deliberately indifferent to, or tacitly authorized, the custom "after notice ... of that misconduct." *Johnson v. Douglas Cnty. Med. Dep't*, 725 F.3d 825, 828 (8th Cir. 2013). And the custom must have been the "moving force behind the constitutional violation." *Id*. At the motion to dismiss stage, "[e]ven if [Plaintiff] cannot identify the full scope of an alleged custom or policy, the key to surviving dismissal is that the 'complaint must allege facts which would support the existence of an unconstitutional policy or custom.' " See Tirado v. City of Minneapolis, 521 F. Supp. 3d 833, 841–42 (D. Minn. 2021) (citation omitted).

While Plaintiff claims to have set forth sufficient allegations of a policy, his Second Amended Complaint contains no facts from which any inferences of an unconstitutional policy can be made. Plaintiff states that he has been told by Defendant's medical staff and other employed by the department of corrections that he cannot receive a transplant until he leaves the custody of the department of corrections. He further claims that "each of the Defendants has implemented, condoned, ratified, followed and/or enforced and continues to implement condone, ratify, follow and/or enforce a policy or custom, having the force of law, of refusing appropriate emergency medical care to inmates in the custody of the MDOC; each of the Defendants has failed and continues to fail to train or

5

supervise MDOC, Corizon, and/or Centurion staff with respect to proper to administering appropriate emergency medical care to inmates in the custody of the MDOC; each of the Defendants has implemented, condoned, ratified, followed and/or enforced and continues to implement condone, ratify, follow and/or enforce a policy or custom, having the force of law, of refusing to allow inmates in the custody of the MDOC to be eligible for evaluation or receipt of a kidney transplant procedure. As Defendant correctly argues, these allegations are purely conclusory without any necessary factual allegations to support the conclusions. There is no heighted pleading standard for *Monell* claims, see *White v. City of Chicago*, 829 F.3d 837, 843–44 (7th Cir. 2016) (citing *Leatherman v. Tarrant Cnty. Narcotics Intel. and Coord. Unit*, 507 U.S. 163, 164 (1993)), but a plaintiff nevertheless "must allege facts permitting a reasonable inference that the practice is widespread and that the specific violations complained of were not isolated incidents," *Thomas v. Neenah Joint Sch. Dist.*, 74 F.4th 521, 524 (7th Cir. 2023) (quoting *Gill v. City of Milwaukee*, 850 F.3d 335, 344 (7th Cir. 2017)). "Allegations of a few sporadic examples of an improper behavior will not suffice." *Id.* (quoting *Flores v. City of South Bend*, 997 F.3d 725, 733 (7th Cir. 2021)). Here, the Plaintiff has not alleged any facts to create the inference of a widespread practice.

## Conclusion

Plaintiff's Second Amended Complaint fails to state a claim against Centurion since he fails to set forth more than conclusions regarding the elements of his claim against it. Plaintiff has requested leave to file an amended complaint.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Centurion's Motion to Dismiss Plaintiff's Second Amended Complaint, [Doc. No. 134], is granted.

**IT IS FURTHER ORDERED** that Plaintiff is given leave to file an amended complaint on or before October 10, 2025.

Dated this 29th day of September, 2025.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE